IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA I. PAYNE, | : | No. 1:22cv2063 |
| Plaintiff | : | (Judge Munley) |
| v. | : | (Magistrate Judge Carlson) |
| C.O. STANBAUGH, Defendant | : | |

## MEMORANDUM

Before the court for disposition is the Report and Recommendation ("R&R") issued by Magistrate Judge Martin C. Carlson on July 18, 2023. The R&R suggests dismissal of Joshua Payne's *pro se* complaint with leave to amend. Defendant C.O. Stanbaugh has filed objections to the R&R. The matter is ripe for decision.[1]

**Background**

*Pro se* plaintiff Joshua Payne is a state inmate incarcerated at the Pennsylvania State Correctional Institution at Camp Hill ("SCI Camp Hill"). Plaintiff's complaint alleges that in October 2022, the defendant, who is a correctional officer at SCI Camphill, confiscated his legal materials. (Doc. 1,

---

[1] The Honorable Robert D. Mariani transferred this case to the undersigned on November 7, 2023.

Compl. ¶ 6). At the time of their confiscation, the legal materials - a total of seventy-five (75) sheets of paper - were in the possession of another inmate. Instead of taking the papers from that prisoner and returning them to plaintiff, defendant threw away the documents. (Id.) Plaintiff alleges that the defendant seized and destroyed the materials in a retaliatory manner because plaintiff had previously filed lawsuits against Department of Corrections officials. (Id. ¶¶ 7-8). Based upon these facts, the plaintiff filed the instant complaint.

The R&R construes the complaint as containing the following claims: First Amendment Retaliation; a violation of plaintiff's right of access to the courts; and a Fourteenth Amendment Equal Protection claim. (Doc. 19, R&R at 2). As plaintiff brings claims for constitutional violations, his complaint falls under 42 U.S.C. § 1983.[2]

Defendant filed a motion to dismiss the plaintiff's complaint, which is the subject of Magistrate Judge Carlson's R&R. The R&R recommends granting the defendant's motion to dismiss plaintiff's complaint without prejudice to the plaintiff endeavoring to correct the defects pointed out by the R&R. (Doc. 19, R&R at

---

[2] In pertinent part, section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]" 42 U.S.C. § 1983.

16).  The defendant filed objections to the R&R, bringing the case to its present posture.

**Jurisdiction**

As plaintiff's complaint falls under 42 U.S.C. § 1983, the court has federal question jurisdiction.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made.  28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).  The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Id.

The R&R addresses the defendant's motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion.  All well-pleaded allegations of the complaint must be viewed as true and

in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint, the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a

4

showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

The Supreme Court has counseled that a court examining a motion to dismiss should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Next, the court should make a context-specific inquiry into the "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. at 681.

**Discussion**

As noted above, the R&R construes plaintiff's complaint as asserting the following causes of action for First Amendment Retaliation, First Amendment Access to the Courts, and Equal Protection under the Fourteenth Amendment to the Constitution. The R&R suggests granting the motion to dismiss, and dismissing plaintiff's complaint but dismissing it without prejudice to allow the plaintiff to file an amended complaint. (Doc. 19).

The defendant's objection deals solely with whether the dismissal of plaintiff's complaint alleging First Amendment Retaliation and Fourteenth Amendment Equal Protection should be denied with prejudice or whether plaintiff should be permitted to file an amended complaint. (Doc. 21). The defendant does not object to the dismissal of First Amendment Access to the Courts claim without prejudice. (Id.)

Plaintiff did not file a response to the defendant's objections. He did, however, file a proposed amended complaint. (Doc. 22). Plaintiff's proposed amended complaint sets forth a cause of action for First Amendment Retaliation and Negligence. (Id.) As the proposed amended complaint does not contain an "access to the court" or "equal protection" claim, the issues involving those claims are now moot. Accordingly, the motion to dismiss the "access to the court" and "equal protection" claims will be denied as moot.

The issue the court must address is whether the dismissal of the First Amendment retaliation claim should be without prejudice or with prejudice.

The law provides that a *prima facie* case of First Amendment Retaliation is established when a plaintiff shows: "(1) that [he] engaged in a protected activity, (2) that defendant[']s retaliatory action was sufficient to deter a person of ordinary firmness from exercising his or her rights, and (3) that there was a causal connection between the protected activity and the retaliatory action." Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007).

Plaintiff's retaliation claim deals with the confiscation of his legal material which were in the possession of another inmate. (Doc. 1, ¶ 6). As alleged in plaintiff's original complaint, defendant told plaintiff that he had confiscated his legal documents from an inmate named Smith and he (defendant) was going to throw them away. (Id.) Plaintiff asked defendant why he was going to throw away the documents, and defendant replied, "Most of it was against [Department of Corrections] officials and they was [sic] lawsuits. You can't be showing people how to do that shit." (Id. ¶ 7).

Defendant further stated, "You have a nerve to pass around paperwork and file grievances and lawsuits against Sgt. Timpe and our old unit manager Ritchey. You are not getting this legal work back." (Id. ¶ 8). Thus, the First Amendment Retaliation claim is that plaintiff engaged in certain lawsuits and

7

shared some of the information he had with other prisoners. As a result, the defendant retaliated against him by confiscating and throwing away those documents.

The R&R suggests that the plaintiff has sufficiently pled the elements a First Amendment Retaliation claim. (Doc. 19 at 10). No parties object to that suggestion. The Court finds no clear error or manifest injustice and therefore that finding will be adopted. See FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

Once a plaintiff makes out a *prima facie* case of First Amendment Retaliation, the defendant has the opportunity to respond and show "that the action would have been taken anyway, independently of any retaliatory animus." See Starnes v. Butler Cnty. Ct. Common Pleas, 50th Jud. Dist., 971 F.3d 416, 430 (3d Cir. 2020) (internal citation and quotation marks omitted).

Defendant has responded to the *prima facie* case and attempts to persuade the court that it would have taken the action regardless and independent of any retaliatory animus. The defendant argues that under a Pennsylvania Department of Corrections ("DOC") policy, DC-ADM 815, inmates

8

are not permitted to have possessions belonging to another inmate.[3] Here plaintiff admits that the papers belonged to him, and they were possessed by another inmate. Therefore, according to the R&R, because the papers were contraband, they would have been confiscated regardless of plaintiff's pending lawsuits or other speech. The R&R suggests that the retaliation claim thus fails as a matter of law. (Doc. 19 at 11). The R&R then, however, suggests granting plaintiff leave to file an amended complaint. Defendant objects to plaintiff being allowed to file an amended complaint on the retaliation claim because the count fails as a matter of law, and thus an amended complaint cannot remedy it.

After a careful review, the court finds that allowing an amended complaint in the present case is appropriate. This case is at the motion to dismiss stage. It is too early at the motion to dismiss stage to dismiss causes of action with prejudice based upon factual issues. Here, the defendant argues that the paperwork at issue was contraband, contraband automatically gets confiscated, due to prison guidelines, therefore, they would have taken the action whether or not plaintiff had engaged in protected speech. Plaintiff's amended complaint, however, could possibly state a federal claim with regard to the retaliation cause of action. It appears that plaintiff's proposed amended complaint alleges that the

---

[3] The R&R cites to the DOC website and notes that the court may take judicial notice of it is as it is information publicly available on government websites. (Doc. 19, R&R at 11 n.1); see, e.g., Vanderklok v. U.S., 868 F.3d 189, 205 (3d Cir. 2017).

prison policy was not followed properly in the destruction of the property. (Doc. 22). In other words, although defendant has presented evidence of a policy which would have called for the confiscation of the material regardless of any retaliatory animus, a factual question exists as to whether this policy, and other relevant policies, were followed appropriately. Such factual disputes cannot be determined at the motion to dismiss stage.

**Conclusion**

Accordingly, the R&R will be adopted with regard to plaintiff's claims being dismissed without prejudice to him filing an amended complaint. As plaintiff has already filed his amended complaint, the Clerk of Court will be directed to docket the proposed amended complaint as an amended complaint, and the matter will be remanded to Magistrate Carlson for further pretrial case management. An appropriate order follows.

Date: 4/9/24

JUDGE JULIA K. MUNLEY
United States District Court