**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSHUA I. PAYNE,** | : | **No. 1:22cv2063** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **C.O. STANBAUGH,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court is the report and recommendation ("R&R") of Magistrate Judge Martin C. Carlson recommending that the court grant defendant's motion for summary judgment. (Doc. 54; see Doc. 43). Also before the court is plaintiff's objection to the R&R. (Doc. 55). For the reasons that follow, the objection will be overruled, and the court will adopt the report and recommendation as modified herein.

**Background**

Plaintiff is an inmate at SCI-Camp Hill, a Pennsylvania state correctional institution. (Doc. 1 ¶¶ 3–4). While at the institution's "mini-law library," plaintiff gave fellow inmate, Carl Smith, plaintiff's legal documents to help Smith understand how to prepare his own case. (Doc. 46 ¶ 1; Doc. 46-1 at 9:22—11:10). It is a violation of Pennsylvania Department of Corrections ("DOC") policy for one inmate to possess the property of another inmate. (Doc. 46-4 at 4,

11). Such property is considered contraband. Id. at 11. Plaintiff understood this rule when he gave Smith the documents. (Doc. 46-1 at 14:10–13).

Plaintiff states that on October 26, 2022, Defendant Correctional Officer Stanbaugh informed plaintiff that he confiscated the legal documents from Smith. Id. at 9:9–24. Plaintiff had previously had a couple interactions with Stanbaugh, "but no disrespectful interactions." (Doc. 46 ¶ 12). Stanbaugh stated that he could not allow plaintiff "to show other inmates how to file lawsuits," and that he was "going to take the documents and throw them away" because they contained the names of other correctional officers and "because of policy," as plaintiff was "not supposed to be loaning and borrowing." (Doc. 46-1 at 9:15–20, 24:8–12).

According to DOC policy, destruction of contraband "will ONLY occur after the inmate's misconduct hearing is held and the misconduct appeal process is exhausted." (Doc. 46-3 at 37). It goes on to state, "When an inmate files a grievance regarding confiscated contraband, destruction of the property will only occur after the appeal process has been exhausted." Id.

Apparently related to such proceedings is a document called a "confiscation slip." (See Doc. 46 ¶¶ 7, 11). Carl Smith, in a sworn declaration, stated that Stanbaugh gave him a confiscation slip when he confiscated the legal documents. (Doc. 46-5 ¶ 1). He further declared that a day or two later, "John Does," other correctional officers, entered his cell and "took back" the

confiscation slip. Id. ¶ 5. Plaintiff testified that he asked Stanbaugh for a confiscation slip and was denied. (Doc. 46-1 at 9:12–15).

Nevertheless, plaintiff initiated the prison grievance process. (Doc. 46 ¶ 13). The grievance was denied because (1), "[t]he block [did] not have a copy of [the] alleged confiscation slip; (2) having . . . property in another cell is a violation of the Departments' policy which would result in a misconduct; and (3) there was "no evidence that [the event] occurred, and the alleged paperwork [could not] be found." (Doc. 26-2 at 5). Plaintiff "appealed this decision to the Facility Manager," who "upheld the denial," affirming that plaintiff provided no evidence of the event, and that "the loaning or borrowing of property is a violation of policy and could have resulted in a misconduct." Id. at 3–4; Doc. 46 ¶¶ 16–17. Plaintiff appealed again "to the Secretary's Office of Inmate Grievance Appeals, stating[,] 'I am raising all issues and seeking all relief sought in my initial grievance,' and enclosing his supporting documents." (Doc. 46 ¶ 19 (quoting Doc. 26-2 at 2)). That final appeal was denied because it failed to "contain reason(s) for appealing the Facility Manager's decision." (Doc. 26-2 at 1).

On April 9, 2024, plaintiff filed his amended complaint pursuing money damages (compensatory and punitive) under 42 U.S.C. § 1983 against defendant in his official and individual capacities. (Doc. 25). Plaintiff alleges Stanbaugh's acts constitute retaliation against plaintiff for exercising his First

Amendment right to file lawsuits and grievances. Id. at 3; Doc. 50 at 5. Plaintiff also brought a state law negligence claim against Stanbaugh for breaching his duty to "handle plaintiff's personal property with extreme care and only dispose of it by properly designated authority in a manner designated by official Department of Corrections policy." (Doc. 25 at 4). Defendant moves for summary judgment on both counts. (Doc. 43). Defendant argues that Payne cannot demonstrate a causal connection between Payne's filing of a lawsuit and Stanbaugh's actions. (Doc. 47 at 11–12). Defendant further argues that Payne's retaliation claim fails because there was a legitimate penological interest in Stanbaugh's actions. Id. at 12–14. Finally, defendant argues that he cannot be held liable on a state law negligence claim for an intentional act. Id. at 18–19.

**Jurisdiction**

The amended complaint invokes this court's federal question jurisdiction and civil rights jurisdiction. 28 U.S.C. §§ 1331, 1343. The court exercises supplemental jurisdiction over plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

**Summary of Report and Recommendation**

"The elements of a retaliation claim under 42 U.S.C. § 1983 predicated on the First Amendment" require plaintiff to show "(1) that [he] engaged in a protected activity, (2) that [defendant's] retaliatory action was sufficient to deter a

person of ordinary firmness from exercising his or her rights, and (3) that there was a causal connection between the protected activity and the retaliatory action." Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007). The third element, a causal connection, can be inferred if "the timing of the alleged retaliatory action [is] 'unusually suggestive' of retaliatory motive." Krouse v. Am. Sterilizer Co., 126 F.3d 494, 503 (3d Cir. 1997). Otherwise, a causal link may be found if plaintiff demonstrates a "pattern of antagonism." Id. at 504. Causation may also be implied by the record as a whole. Dondero v. Lower Milford Twp., 5 F.4th 355, 362 (3d Cir. 2021). The R&R concludes that Payne fails to show a causal connection because the month between Payne's constitutionally protected activity and Stanbaugh's acts is not the "extremely close temporal proximity" necessary to infer retaliation. (Doc. 54 at 15–16). The R&R further concludes that a pattern of antagonism is missing from Payne's amended complaint because "Payne has stated that Officer Stanbaugh was never disrespectful to him." Id. at 15.

Payne argues "that the alleged failure of prison officials to delay the destruction of [the] contraband until after he completed his grievance appeals still permit[s] an inference of causation," id. at 16, but the R&R finds such argument fails because (1) a violation of the prison's regulation is not, in and of itself, a constitutional violation; (2) it remains unclear when the contraband was

destroyed; and (3) one alleged violation of a prison regulation does not, "by itself . . . show the type of pattern of antagonism coupled with timing which is necessary for a retaliation claim." Id. at 17. Even if Payne did establish a constitutional violation, the R&R concludes, sua sponte, that Stanbaugh is entitled to qualified immunity. Id. at 17–22; see Doe v. Delie, 257 F.3d 309, 311–12 (3d Cir. 2001) (Third Circuit affirming district court's adoption of magistrate judge's sua sponte finding of qualified immunity). Finally, the R&R recommends that Payne's state law negligence claim be dismissed because the act complained of was intentional, and Pennsylvania does not waive its sovereign immunity against claims arising from intentional torts. Id. at 22–25.

The R&R recommends granting defendant's motion for summary judgment. Id. at 25. Plaintiff lodged one objection to the R&R related to the fact that no "misconduct" was issued in relation to the alleged contraband, thus demonstrating defendant's "ill-intent" or that the act was "motivated by the fact that Plaintiff had filed [a] lawsuit that contained names of correctional officers who worked at SCI-Camp Hill." (Doc. 55-1 at 3).

**Standard of Review**

**I. Objections to Reports and Recommendations**

When considering a report and recommendation, a district court must make a *de novo* determination of those portions of the R&R against which objections

are made. 28 U.S.C. § 636(b)(1)(C); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). "[T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1)(C). The district court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

## II. Motion for Summary Judgment

A movant is entitled to summary judgment "when there is no genuine issue of material fact in the case and the moving party is entitled to judgment as a matter of law." Reedy v. Evanson, 615 F.3d 197, 210 (3d Cir. 2010) (citation omitted); see also FED. R. CIV. P. 56(a). "A fact is material if its resolution 'might affect the outcome of the suit under the governing law,' . . . [a]nd a dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Mall Chevrolet, Inc. v. Gen. Motors LLC, 99 F.4th 622, 631 (3d Cir. 2024) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

At this stage, the judge's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. All "facts in dispute," Daniels v. Sch. Dist. of Phila., 776 F.3d 181, 187 (3d Cir. 2015), and all "inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party

opposing the motion." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation modified). "[W]hen there is a disagreement about the facts or the proper inferences to be drawn from them, a trial is required to resolve the conflicting versions of the parties." Peterson v. Lehigh Valley Dist. Council, United Bhd. of Carpenters & Joiners, 676 F.2d 81, 84 (3d Cir. 1982). Furthermore, "a court's role remains circumscribed in that it is inappropriate for a court to resolve factual disputes and to make credibility determinations." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992) (citation omitted). "[W]here the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Id. (citation omitted).

A motion for summary judgment may also be granted where a moving party demonstrates that the nonmoving party "has not made 'a showing sufficient to establish the existence of an element essential to that party's case . . . on which that party will bear the burden of proof at trial.'" Mall Chevrolet, Inc., 99 F.4th at 630 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (emphasis removed)). After a moving party carries their burden to show the absence of a genuine, material factual dispute, Rule 56 flips the burden onto "the nonmovant to 'go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts that there is a genuine issue for trial.'" Daubert v. NRA Grp., LLC, 861 F.3d 382, 391

(3d Cir. 2017) (quoting Celotex Corp., 477 U.S. at 324 (emphasis removed) (alteration in original)). The non-moving party must "do more than 'simply show that there is some metaphysical doubt as to the material facts.'" Id. (quoting Matsushita, 475 U.S. at 586).

## Analysis

### I. Capacity

As an initial matter, the court observes that Payne brings suit against Stanbaugh in "both of his capacities," i.e. his official and individual capacities. (Doc. 25 at 1). A suit against a state official in his official capacity is treated as a suit against the state. Hafer v. Melo, 502 U.S. 21, 25 (1991). Payne seeks money damages in his amended complaint. (Doc. 25 at 4). Suits for money damages under 42 U.S.C. § 1983 against persons in their official capacity are barred by the Eleventh Amendment, and that bar is jurisdictional. Durham v. Kelley, 82 F.4th 217, 227 (3d Cir. 2023) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)); see also Metroka v. Pa. State L. Enf't, Nos. 23-2004, 23-2220, and 23-2847, 2024 WL 4164272, at *2 (3d Cir. Sept. 12, 2024). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). This is because subject matter jurisdiction "involves a

court's power to hear a case." Id. (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)).

Because this court cannot consider Payne's federal claim against Stanbaugh in his official capacity, the claim will be dismissed without prejudice for lack of subject matter jurisdiction. The court turns its focus to Payne's federal claim against Stanbaugh in his individual capacity, his state law claim, and the application of the R&R thereto.

## II. Payne's Objection

Payne's lone objection is that the R&R fails to take into account that no misconduct was issued to either Smith or Payne related to their violation of prison policy, and that because Stanbaugh destroyed the documents without issuing a misconduct, the destruction is evidence of "ill-intent or motivated by the fact that Plaintiff had filed [a] lawsuit that contained names of correctional officers who worked at SCI-Camp Hill." (Doc. 55-1 at 3).[1] By plaintiff's own admission, the rule he invokes states, "If you break a department or facility rule, you ***may*** be issued a misconduct." Id. (emphasis added). And so, the rule is permissive, not mandatory, and the absence of a misconduct does not "clearly show[ ]" anything except the decision not to issue a misconduct. See also Doc. 46-3 at 36

[1] Plaintiff also appears to raise a Due Process Clause argument before acknowledging that he did not bring a Due Process claim in this lawsuit. (Doc. 55-1 at 3).

("Possession of contraband by an inmate ***may*** result in a misconduct") (emphasis added). When such a misconduct is issued, the policy states, "Destruction of contraband will ONLY occur after the inmate's misconduct hearing is held and the misconduct appeal process is exhausted." Id. at 37. Here, there was no misconduct hearing because there was no misconduct issued.

The R&R did engage with a similar argument—regarding the potential destruction of documents before the grievance process concluded. (Doc. 54 at 16–17). The court agrees with its reasoning therein. Even if defendant immediately destroyed the documents after confiscating them, that would only demonstrate an "unusually suggestive," Krouse, 126 F.3d at 502, temporal proximity to Payne's act of assisting Smith with his legal work. Plaintiff does not allege any First Amendment right to provide legal assistance. Rather, he is alleging retaliation related to his right to bring his own lawsuits. And because his lawsuit was filed a month earlier, such lapse is not "unusually suggestive" of retaliation. (Doc. 54 at 12–13). So, to demonstrate a causal connection between that lawsuit and Stanbaugh's act, Payne would either have to (1) show a "pattern of antagonism" or (2) rely on "the record as a whole [as] reveal[ing] evidence implying causation." Id. at 15 (citing Krouse, 126 F.3d at 503–04); see Dondero, 5 F.4th 355, 362 (3d Cir. 2021). As to the former, Stanbaugh was always respectful towards Payne. (Doc. 46 ¶ 12). And one event does not establish a

pattern. So, the fact that Stanbaugh may have once failed to follow prison procedure cannot save Payne's claim. As to the latter, nothing in the record evinces that Stanbaugh acted because of Payne's lawsuit. The objection will be overruled.

## III. Adoption

As to those remaining portions of the R&R not specifically objected to by plaintiff or discussed herein, the court has reviewed them with "reasoned consideration" and discerns no clear error from the analysis. EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017). Incorporating those portions not objected to, with the reasoning stated herein, the court will adopt the recommendation to grant the motion for summary judgment and close this case.

## Conclusion

For the reasons set forth above, plaintiff's objection, (Doc. 55), will be overruled. The R&R, (Doc. 54), will be adopted as modified. Defendant's motion for summary judgment, (Doc. 43), will be granted. Plaintiff's federal claim against Stanbaugh in his official capacity will be dismissed without prejudice. Plaintiff's federal claim against Stanbaugh in his individual capacity will be dismissed with prejudice. Plaintiff's state law claim against Stanbaugh will be dismissed without prejudice. An appropriate order follows.

Date: 9/29/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**